Jones, J.
(concurring). I, too, vote to affirm the order of the Appellate Division which dismissed the two-count indictment against defendant.
I am in entire agreement, however, with the Chief Judge that the unequivocal disclaimer contained in the single paper decision and order at nisi prius precludes our disposition of the present appeal on the ground that the dismissal there was predicated on nonreviewable interests of justice. I am accordingly obliged to reach the merits and in so doing would affirm the determinations of both courts below that each count in the indictment should be dismissed.
With reference to the charge of issuing a false certificate, the applicable provision of section 175.40 of the Penal Law proscribes the issuance by a public servant of an official written instrument with knowledge that it contains a false statement and "with intent to defraud, deceive or injure another person”. The indictment here charged defendant with having issued a bail reduction order directing the release of a prisoner, which order contained the false statement that an application for reduction of bail has been made by William C. Chance, Jr., in behalf of the prisoner. It is not disputed that no application for reduction of bail had been made by William C. Chance, Jr., in behalf of the prisoner.
In addition to the inclusion of a false statement, the statute requires that the official written instrument be issued "with intent to defraud, deceive or injure another person”. It is this latter element for which no evidentiary proof is to be found in this record. There is no identification of any person who was in fact defrauded, deceived or injured; nor is there any proof that defendant intended to defraud, deceive or injure anyone. Both courts below concluded that the false statement had no material bearing on the issuance of the bail release order.
*268 The People’s only contention of substance is the inadequate bootstrap assertion that the requisite intention to defraud, deceive or injure may be circumstantially inferred from the inclusion in the bail reduction order of the false statement — in effect that proof sufficient to establish one element of the crime may be used as the springboard for an inference to sustain another element of the same crime. This may be theoretically true in other instances; it fails here because the conclusion hopefully to be inferred is so attenuated as not to meet the test of legal sufficiency — the guilty inference is neither the only fair and reasonable inference capable of being drawn from the false statement and the circumstances surrounding the issuance of the bail reduction order, nor is such evidence of a character to exclude to a moral certainty every other hypothesis except that of defendant’s intent to defraud, deceive or injure some third person.
The prosecution’s further argument is that inasmuch as the District Attorney had had no opportunity to be heard there was a failure to comply with the provisions of CPL 530.30, and that this noncompliance supports an inference of the requisite criminal intent. As noted by the courts below, however, this theory was developed only after the presentment to the Grand Jury and the return of the indictment. Indeed it appears that it has not been until briefing in our court that this theory has been advanced to save the first count as well as the second.
As to the second count — official misconduct as proscribed by section 195.00 of the Penal Law — in our court the sole basis urged by the prosecution for sustaining this count is that inasmuch as the evidence with regard to count one is sufficient, the same evidence is sufficient to sustain count two. "It was the intent of the legislature that any public servant guilty of the crime of issuing a false certificate would also be guilty of the crime of official misconduct.” It follows that the inadequacy of evidence to sustain the first count is fatal to the second count as well.
I must add that, inasmuch as the proposition of law on which the dissenters would rely with some cogency was not advanced in the courts below or addressed by the parties in our court, I am not prepared to reverse the dismissal of the indictment on that ground.
Accordingly, in the posture in which the appeal comes to us, I am in agreement with both courts below that as a matter of *269 law the evidence submitted to the Grand Jury was not legally sufficient to establish either offense charged. The indictment was therefore properly dismissed.